### TREMONT IMPROVEMENT COMPANY *vs.* BOSTON WATER POWER COMPANY.

The right of the Boston and Roxbury Mill Corporation, under *St.* 1814, *c.* 39, § 2, to maintain the canal and dike therein authorized was not taken away by *St.* 1833, *c.* 120, annulling their right to build a dam from Boston to South Boston, or by their release to the Commonwealth in 1854 of lands and flats in the " empty basin."

GRAY, J.  This is an action of tort to recover damages for the obstruction of an ancient natural watercourse, called Smelt Brook, which formerly divided Roxbury from Boston.

The Boston and Roxbury Mill Corporation were authorized by their charter to build a dam from Boston westwardly to Brookline, since known as the Mill Dam, and a cross dam thence to Gravelly Point in Roxbury, so as to inclose the tide water in Tide Mill Creek on the northwest of the cross dam, and form an empty basin between these two dams and Boston Neck ; and also to build another tide dam from Boston to South Boston, to connect by a canal Tide Mill Creek with the basin so formed, and to " raise the banks of said canal, and dike the borders of the marshes on the easterly bank of said creek, so as to prevent the tide from flowing at any time into the empty basin ; " paying such damages to any party injured as should be estimated by a committee, or by a jury.  *Sts.* 1814, *c.* 39, §§ 2, 6 ; 1816, *c.* 40 ; 1819, *c.* 65.  Before 1820 the Boston and Roxbury Mill Corporation built the Mill Dam and the cross dam, and dug the canal and made a dike from Gravelly Point southwestwardly to Boston Neck, and thus diverted the waters of Smelt Brook from the empty basin, into which they had previously flowed, and caused them to flow into the full basin ; and under the alleged authority of this charter the dike was main tained by that corporation until 1832, and by their grantees, the

defendants, from that time until the bringing of this **action.** The right to build a dam between Boston and South Boston was never exercised, and was annulled by *St.* 1833, *c.* 120.

The plaintiffs, who are the owners of land on both sides of Smelt Brook, contend that this statute took away the right to maintain either the canal or the dike connecting the cross dam with the proposed South Boston Dam. The defendants on the other hand contend, and, as we think, with reason, that this dike was intended not only as a bank to the canal, but also to prevent the waters of Tide Mill Creek from flowing into the empty basin ; and that the right of maintaining the dike already built therefore continued after the passage of the *St.* of 1833.

The plaintiffs further contend that the defendants have lost this right by their release in fee to the Commonwealth in 1854 of lands and flats in the empty basin and of their right of flowage. But this release was limited by the terms of the indenture executed by the Commonwealth and the defendants thus : " so far as to allow the Commonwealth to fill up " such flats ; and provided for the keeping up by the defendants of the regular flow of the tide water through the full and empty basins until the whole of the land and flats in the empty basin should be filled up or until the defendants should surrender their mill franchise, neither of which had been done when this action was brought.

As it appears from the facts agreed by the parties that the defendants at the date of the writ had the right to maintain the dike complained of, there must be

*Judgment for the defendants.*

*F. A. Brooks*, for the plaintiffs.

*G. O. Shattuck*, for the defendants.